IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JACK GANN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: |
| | ) |
| SNIDER TIRE INC., d/b/a SNIDER FLEET SOLUTIONS, | ) ) |
| | ) |
|     Defendant. | ) |
| _____ | / |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jack Gann ("Gann" or "Plaintiff"), through his undersigned counsel, and hereby files his Complaint and Demand for Jury Trial against Defendant, Snider Tire Inc Solutions d/b/a Snider Fleet Solutions, ("Snider" or "Defendant"), and in support states as follows:

### NATURE OF THE ACTION

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA"); the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601, *et seq;* and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* ("TCHR") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's failure to accommodate Plaintiff's request for a reasonable accommodation under the ADAAA and TCHR and Defendant's retaliation for Plaintiff's lawful exercise of his rights under the FMLA leading to his unlawful termination.

Page 1 of 9

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADAAA and FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the Texas Labor Code pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim, including Defendant's unlawful employment practices, occurred in this District.

## THE PARTIES

5. Plaintiff is a citizen of the United States, and is and was at all times material, a resident of the state of Texas, residing in Dallas County.

6. Defendant is and was, at all relevant times, operating in Tarrant County, Texas and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

7. At all times material hereto, Defendant employed more than 50 employees for each working day in each calendar year within the meaning of the FMLA.

8. Defendant was an employer as defined by the laws under which this action is brought under the ADAAA.

9. At the time of the incidents relevant to this action, Plaintiff was employed by Defendant at its business located at 840 N. Great SW Pkwy., Arlington, Texas 76011.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On March 23, 2020, Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

12. Plaintiff's discrimination charge was filed within the required amount of days after the alleged unlawful employment practices occurred.

13. On March 2, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request, against Defendant.

14. This complaint was filed within ninety days of issuance of the EEOC's Notice of Right to Sue.

## FACTUAL BACKGROUND

15. Plaintiff was employed full-time by Defendant for approximately five (5) years.

16. At the time of Plaintiff's termination, Plaintiff held the position of Mobile Service Technician.

17. Plaintiff was approved for protected medical leave under the FMLA due to a torn rotator cuff and bicep.

18. Plaintiff began his FMLA leave on or around September 9, 2019.

19. Plaintiff's FMLA expired on approximately December 5, 2019.

20. Defendant did not contact Plaintiff during his FMLA leave or after the expiration of Plaintiff's FMLA leave.

21. Defendant has a third-party provided that handles its FMLA cases, The Hartford.

22. Plaintiff reached out to The Hartford, after the expiration of Plaintiff's FMLA leave and requested accommodation paperwork under the ADAAA.

23. Specifically, Plaintiff needed additional time off work after the expiration of his FMLA leave, at the request of his doctor.

24. Defendant failed to engage in the interactive process with Plaintiff as is required by law.

25. The Hartford provided Plaintiff the required ADAAA accommodation paperwork.

26. The paperwork stated that the ADAAA accommodation paperwork must be returned no later than December 31, 2019.

27. Plaintiff and his doctor completed the form and returned it to The Hartford on December 27, 2019.

28. Plaintiff's doctor released Plaintiff to return to work at full duty on January 14, 2020.

29. Plaintiff texted his branch manager, Tim Gant, informing Mr. Gant that The Hartford received the necessary ADAAA accommodation paperwork.

30. Plaintiff received no response back from Mr. Gant.

31. On December 29, 2019, Plaintiff received an email from The Hartford approving his ADAAA accommodation request through January 13, 2020.

32. Plaintiff texted Mr. Gant his approved disability claim through January 13, 2020.

33. Plaintiff received no response back from Mr. Gant.

34. Plaintiff followed up his text message with a screenshot of the approval letter from The Hartford to Mr. Gant.

35. Plaintiff did this on several occasions as his return-to-work date was approaching.

36. Plaintiff spoke to Mr. Gant over the phone before January 14, 2020 and Mr. Gant informed Plaintiff that his employment was terminated because Plaintiff did not return to work when Plaintiff's FMLA leave expired.

37. Plaintiff has been damaged by Defendant's illegal conduct.

38. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Based Discrimination in Violation of the ADAAA

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

40. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADAAA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

41. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

42. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

43. Defendant violated the ADAAA by terminating and discriminating against Plaintiff based on Plaintiff's disability.

44. Plaintiff has been damaged by Defendant's illegal conduct.

45. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

46. Defendant's discriminatory conduct, in violation of the ADAAA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

47. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

48. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling him to punitive damages.

### Count II: Failure to Accommodate in Violation of the ADAAA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

50. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADAAA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

51. Defendant was aware of Plaintiff's disability.

52. Defendant failed to accommodate Plaintiff's disability.

53. Defendant's discriminatory conduct, in violation of the ADAAA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

54. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

55. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: FMLA Retaliation

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

57. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

58. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

59. Plaintiff exercised or attempted to exercise her rights under the FMLA.

60. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff's employment while Plaintiff was on an approved leave.

61. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

62. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

### Count IV: Disability Based Discrimination in Violation of the TCHR

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

64. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHR. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

65. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

66. Defendant is prohibited under the TCHR from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

67. Defendant violated the TCHR by terminating and discriminating against Plaintiff based on Plaintiff's disability.

68. Plaintiff has been damaged by Defendant's illegal conduct.

69. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

70. Defendant's discriminatory conduct, in violation of the TCHR, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

71. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

72. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling him to punitive damages.

**Count V: Failure to Accommodate in Violation of the TCHR**

73. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

74. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHR. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

75. Defendant was aware of Plaintiff's disability.

76. Defendant failed to accommodate Plaintiff's disability.

77. Defendant's discriminatory conduct, in violation of the TCHR, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

78. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

79. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers
Texas Bar Number: 24110628
**Spielberger Law Group**
4890 W. Kennedy Blvd. Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*